UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JEREMY DON KERR                                               CIVIL ACTION

VERSUS                                                        NO. 13-525

NEW ORLEANS POLICE DEPARTMENT,                                SECTION: "F"
ET AL.

ORDER

Before the Court is the New Orleans Police Department's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion is GRANTED.

Background

This lawsuit arises out of an allegedly illegal search and seizure conducted during a routine traffic stop.

The plaintiff, who is proceeding in this case pro se, generally alleges that on March 20, 2012, during a routine traffic stop, New Orleans Police Officers illegally searched his vehicle and seized his "legal business inventory of items valued at not less than $3,000."  The plaintiff alleges he runs a legal business, validly registered with the Louisiana Secretary of State, called K&B Organics.  The plaintiff further alleges that one officer transferred the seized items to the other officers and then ultimately to a DEA Special Agent, who retained the items for narcotics testing.  The plaintiff also alleges that the officers never issued a receipt for the seized items.

-1-

On March 20, 2013, the plaintiff filed a complaint raising those allegations and naming the New Orleans Police Department as the only defendant.  On October 22, 2013, the NOPD moved to dismiss under Rule 12(b)(6).  On November 5, 2013, the plaintiff filed an opposition to the motion to dismiss, as well as an amended complaint naming NOPD Officer Ramiro Hernandez and Superintendent Ronal Serpas as defendants.

I.

In considering a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).

Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued is determined... by the law of the

state where the court is located."  The Louisiana Civil Code defines a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.  This Court has repeatedly held that the New Orleans Police Department is not a juridical entity capable of being sued.  See, e.g., Winn v. New Orleans City, 919 F. Supp. 743, 750 (E.D. La. 2013).

Because the New Orleans Police Department does not have the capacity to be sued, the plaintiff's claims against that defendant must be dismissed for failure to state a claim upon which relief can be granted.  Accordingly, the New Orleans Police Department's motion is GRANTED.  The plaintiff's claims against that defendant are dismissed.  The plaintiff's claims against Officer Ramiro Hernandez and Superintendent Ronal Serpas remain.

New Orleans, Louisiana, November 13, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE